Affirmed and Memorandum Opinion filed June 28, 2007








Affirmed and Memorandum Opinion filed June 28, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00156-CR

____________

 

ANTHONY N. BROWN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 337th
District Court

Harris County, Texas

Trial Court Cause No. 1024415

 



 

M E M O R A N D U M   O P I N I O N

A jury found appellant Anthony N. Brown guilty of
aggravated sexual assault as charged in the indictment and assessed punishment
at twelve years= confinement in the Texas Department of
Criminal Justice, Institutional Division.  The trial court sentenced him
accordingly.  On appeal, he challenges the denial of his oral request for a
continuance and the admission of evidence concerning his sexual solicitation of
the complainant=s sister.  We affirm.

 








I.  Factual and Procedural
Background

The complainant, K.A., was a ten-year-old girl who lived
with her mother, her twelve-year-old sister, N.G., and her brother, Junior.  In
August 2004, the family moved into an apartment with appellant, who was the
mother=s boyfriend.

On August 30, 2004, K.A. and her brother arrived home from
school around 3:15 or 3:20 p.m.  K.A.=s mother was at
work, but appellant was home and opened the door for them.  K.A. had started
playing with her brother when appellant called her into the back room.  When
K.A. walked into the room, appellant=s pants were
down.  K.A. closed the door, and either she or appellant locked it.

Appellant then told K.A., APut it in your
mouth.@  He then put his
penis in K.A.=s mouth.  Because appellant would whip K.A. whenever
she allegedly misbehaved, she was afraid appellant would again do something
similar.  At some point, appellant asked K.A., Awould [N.G.] ever
do that?@  When N.G.
arrived home, appellant walked out of the back room to let N.G. into the
apartment.

Shortly after N.G. arrived home, appellant began writing to
N.G. and using K.A. as a messenger.  In the first letter, appellant told N.G.
he wanted to teach her about sex and promised she could have anything she
wanted if he would let him do that.  Appellant pleaded with N.G. to say, AYes.@  The second Aletter@ contains both
appellant=s and N.G.=s writing.  N.G.
avoided giving appellant an answer.  In the second letter, appellant wrote, AI want to show you
how to kiss, since you want me to tell you everything, I want to taste your
coochie.  Yes men and women do that, why won=t you say yes.@  N.G. was Akind of scared@ when she read the
first letter and became more afraid after appellant wrote back to her.








After appellant wrote back the last time and told the girls
it was time to take a bath, N.G. told K.A. it was time to leave and go tell
someone.  The girls asked to take out the trash and fled to their aunt=s house.  Although
they forgot to put on their shoes, they walked and ran several hours to arrive
there, covering a distance of five to six miles.  On the way to their aunt=s house, K.A. told
N.G. what appellant had done to her and wanted to know what was in the letters.[1]

When the girls arrived at their aunt=s house, they
showed her the letters and told her what had happened.  The aunt took the girls
and the letter to a nearby police station.  Both girls were examined at the
hospital that night although N.G. stated that appellant had not done anything
to her.

When appellant was arrested, he gave the officers an
audio-taped statement in which he mentioned the letters before the police
referred to them.  He admitted making the statements in the letters and
admitted he was wrong to have done so.

Appellant was charged by indictment with aggravated sexual
assault of a person younger than fourteen.  Trial was to a jury, and just
before the beginning of voir dire, appellant orally requested a two-day
postponement or continuance so that counsel hired by his mother could represent
him.  The trial court did not grant the request, and appellant proceeded with
appointed counsel.  The jury found appellant guilty as charged in the
indictment and assessed punishment at twelve years= confinement. 

II.  Issues Presented

Appellant presents two issues for our review.  In his first
issue, he contends the trial court violated his Sixth Amendment right to be 
represented by retained counsel when the court denied his oral request for a
two-day continuance.  In his second issue, he contends the trial court abused
its discretion in admitting letters he wrote to N.G. asking that she allow him
to teach her about sexual acts.

 








III.  Analysis

A.      Denial of Appellant=s Request
for a Continuance to Allow Representation by Retained Counsel

 

In his first issue, appellant contends the trial court
violated his Sixth Amendment right to be represented by retained counsel.  His
complaint arises from the trial court=s denial of
appointed defense counsel=s oral motion, made on the first day of
trial, immediately before jury selection.

According to defense counsel, from the time of counsel=s appointment,
over five months earlier, appellant had been telling counsel he wanted to
retain his own attorney.  Defense counsel further explained that as recently as
the previous week, appellant Awas making the same statements that his
mother was, in fact, in the process at that time of hiring an attorney . . .
[and] has now informed me today, this morning, that . . . his mother has, in
fact, employed an attorney for him.@  Defense counsel
stated the attorney was Aa man by the name of Davis who has been
paid to represent [appellant].@  Davis was not available that day, but
would be present two days later, on Wednesday.  Appointed counsel then
requested a Apostponement@ until Wednesday
when Davis, the attorney of appellant=s choice, could
appear and represent appellant.  Counsel stated the motion was not for the
purposes of delay, but Aso that justice can be done and so that
[appellant] can have the attorney of his own choosing as opposed to me
representing him.@  Appellant agreed those were the
circumstances of the request.

When the court inquired whether there was anyone in the
courtroom on appellant=s behalf, no one responded.  Defense
counsel then intervened, stating he was present on appellant=s behalf and had
checked the courtroom earlier, but could not find appellant=s mother or
girlfriend, who were supposed to be there.  The court concluded:








So that the record is clear, in looking at the
Pretrial Service Interview sheet from August 23rd of 2005, [appellant]
indicated to Pretrial Services that he will hire a private attorney; and from
August 23rd of 2005 until today=s date, February 6th of 2006, no other attorney has been present in
this courtroom ever that has signed up on behalf of this case.@

 

The
court then requested the bailiff to summon the venire panel.

A motion for continuance not in writing and not sworn
preserves nothing for review.  Dewberry v. State, 4 S.W.3d 735, 755
(Tex. Crim. App. 1999); see Tex.
Code Crim. Proc. Ann. arts. 29.03, 29.08 (Vernon 2006).  The motion in
the present case was neither sworn nor in writing.  Accordingly, appellant has
not preserved his first issue.

Additionally, even had appellant preserved the issue, he 
is not entitled to relief on the merits.  An appellate court reviews the grant
or denial of a motion for continuance under an abuse of discretion standard.  See
Janecka v. State, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996) (en banc); Hubbard
v. State, 912 S.W.2d 842, 843 (Tex. App.CHouston [14th
Dist.] 1995, no pet.).

Although the right to assistance of counsel under the
Federal and Texas Constitutions and Texas statute contemplates a defendant=s right to obtain
assistance from counsel of the defendant=s choosing, the
right to counsel of choice is not absolute.  Gonzalez v. State, 117
S.W.3d 831, 836B837 (Tex. Crim. App. 2003).  A[W]hile there is a
strong presumption in favor of a defendant=s right to retain
counsel of choice, this presumption may be overridden by other important
considerations relating to the integrity of the judicial process and the fair
and orderly administration of justice.@  Id. at
837.[2]

A defendant may not manipulate his right to select counsel
to obstruct the orderly procedure of the courts or to interfere with the fair
administration of justice.  Robles v. State, 577 S.W.2d 699, 704 (Tex.
Crim. App. [Panel Op.] 1979).  Thus, a defendant may not wait until the day of
trial to demand other counsel or to request appointed counsel=s dismissal so he
can retain counsel.  Id.








In the present case, appellant waited until the day of
trial to request a continuance.  Although he requested only two days, he
presented no substantiation, by written and sworn motion or the presence of the
person who purportedly had paid for the attorney, that he, in fact, had new
counsel and that counsel would be ready two days later.  We hold the trial
court did not abuse its discretion in denying appellant=s request for a
continuance and did not violate his right to retained counsel.

We overrule appellant=s first issue.

B.      Admission of Letters Appellant Wrote to N.G.

In his second issue, appellant contends the trial court
abused its discretion in admitting Aextraneous sexual
misconduct involving [his] solicitation of sex from the complainant=s sister [N.G.]@  Specifically, he
complains of the admission of State=s Exhibits 1-A,
1-B and 2 C letters appellant acknowledged he had written to N.G.
and in which he told her, among other matters, he wanted to Abe the one who
teaches you about sex.@

The State first argues appellant did not preserve his
complaint because he failed to object each time the State offered the
evidence.  The State also argues the evidence was relevant and admissible to
show appellant=s mental state and to provide a context for the victim=s outcry.   

The State initially offered the letters after N.G.
identified them as letters she exchanged with appellant.  Appellant objected on
the grounds of hearsay, lack of relevance, and their inflammatory and
prejudicial nature.  When asked how the letters related to the issue before the
court, the State responded they were relevant to appellant=s and N.G.=s state of mind C that the letters
were the reason why K.A. and N.G. left the apartment that night.  Because the
reasons underlying N.G.=s leaving the apartment had not yet become
an issue, the court sustained appellant=s objection.








N.G. next testified she was Akind of scared@ when she read the
first letter and became more afraid after appellant wrote back to her.  After
appellant wrote back the last time and told the girls it was time to take a
bath, N.G. told K.A. it was time to leave and go tell someone.  According to
N.G., she did not then know what appellant had done to K.A., but was leaving
the apartment based on what was in the letters.  On the way to their aunt=s house, K.A. told
N.G. what appellant had done to her and wanted to know what was in the letters.

The State again offered the letters.  Appellant renewed his
previous objections Aas to the materiality of the issues in
this trial.@  The court overruled his objection and admitted the
exhibits.  The State then read the letters to N.G. section by section, and
asked her whether what counsel was reading was what the letters contained. 
N.G. responded affirmatively and identified each section as having been written
by appellant or by her.  Appellant did not object to N.G.=s testimony.

To preserve error in admitting evidence, a party must make
a proper objection and get a ruling on that objection.  Valle v. State,
109 S.W.3d 500, 509 (Tex. Crim. App. 2003).  Additionally, a party must object
each time the inadmissible evidence is offered or must obtain a running
objection.  Id.  Any error in the admission of evidence is cured when
the same evidence comes in elsewhere without objection.  Id.

N.G.=s affirmations of the content of the letters
presented the same evidence as did the letters themselves.  N.G.=s unobjected to
testimony cured any error in admission of State=s exhibits 1-A,
1-B, and 2.  See id. at 509B10.[3]








Any error in the admission of evidence is harmless if the
same evidence is admitted elsewhere without objection.  Chamberlain v. State,
998 S.W.3d 230, 235 (Tex. Crim. App. 1999).  N.G.=s affirmations of
the content of the letters presented the same evidence as did the letters themselves. 
N.G.=s unobjected‑to
testimony rendered harmless any error in admission of State=s exhibits 1‑A,
1‑B, and 2.  See id. [4] 
Accordingly, we overrule appellant=s second issue.

IV.  Conclusion

Having overruled appellant=s two issues, we
affirm the trial court=s judgment.

 

 

 

 

 

/s/      Eva M. Guzman

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed June 28, 2007.

Panel consists of
Justices Frost, Seymore, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  There is conflicting testimony about when K.A. told
N.G. what appellant had done to her.  K.A. first testified she told N.G. before
the letter writing began.  She later testified she told N.G. when they were en
route to their aunt=s house.  N.G. testified K.A. first told her when they
were en route to the aunt=s house and she, N.G., decided to leave the apartment based on what was in
the letters.





[2]  Gonzalez involved disqualification of chosen
counsel.  See
Gonzalez v. State,
117 S.W.3d 831,  834B35 (Tex. Crim. App. 2003).





[3]  Evidence of the contents of two portions of the
letters (appellant=s statements he wanted to teach N.G. about sex and
wanted to taste her coochie) also was introduced in appellant=s audiotaped statement to police after his arrest,
State=s exhibit  4.  Appellant objected to this statement on
the ground of lack of proper predicate, but not on the ground it contained
extraneous offense evidence.  Similar evidence was introduced without objection
through testimony from the girls=
aunt.





[4]  Evidence of the contents of two portions of the letters (appellant=s statements he wanted to teach
N.G. about sex and wanted to taste her coochie) also was introduced in
appellant=s audiotaped statement to police
after his arrest, State=s exhibit  4.  Appellant objected
to this statement on the ground of lack of proper predicate, but not on the
ground it contained extraneous offense evidence.  Similar evidence was
introduced without objection through testimony from the girls= aunt.